UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN CLIFFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:18-CV-1425 |
| | ) |
| FENTRESS ENVIRONMENTAL SERVICES, INC. d/b/a SERVICEMASTER BY F.E.S. and BRYCE BELLER | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Kevin Clifford ("Clifford") brings this action against Fentress Environmental Services, Inc. d/b/a Servicemaster by F.E.S. ("Servicemaster") and Bryce Beller ("Beller") (together "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Payment Statute I.C. § 22-2-5 *et seq.* Defendants violated the FLSA by failing to pay Clifford the minimum wage required under federal law. Defendants violated Indiana law by failing to timely pay Clifford his earned wages.

## PARTIES

2. Clifford is an individual who resides in Hamilton County, Indiana. He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Clifford was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Beller is an owner, member and/or officer of Servicemaster. In this capacity, Beller is involved in the day-to-day business operations of Servicemaster. Beller has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the minimum wage violations alleged in this Complaint. At all relevant times, Beller acted and had responsibility to act on behalf of, and in the interests of, Servicemaster in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the minimum wage issues raised in this lawsuit. At all relevant times, Beller was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Servicemaster is an Indiana corporation doing business in Marion County, Indiana. Servicemaster acted, directly or indirectly, in the interest of an employer with respect to Clifford. Servicemaster is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Clifford brings claims arising under federal law. This Court has supplemental jurisdiction over Clifford's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Clifford was an employee engaged in commerce or in the production of goods for commerce.

## FACTS

10. Defendants own and operate a residential remodeling and restoration business providing service in Marion and the surrounding counties in Indiana.

11. Defendants employed Clifford from approximately July 2017 to September 2017 as a carpenter.

12. During his employment, Defendants paid Clifford a base hourly rate of $18.00 an hour.

13. Clifford voluntarily terminated his employment with Defendants by providing his two-week notice to Defendants in September 2017.

14. At the time Clifford's employment with Defendants ended, Clifford's hourly rate was $18.00 an hour.

15. Throughout his employment with Defendants, Defendants paid Clifford on a weekly basis.

16. Clifford was not exempt from the minimum wage provisions of the FLSA.

17. At the time Clifford's employment with Defendants ended, Clifford was owed but did not receive, payment of his earned wages.

18. At the time Clifford's employment ended, Clifford was owed payment for his last pay period worked for Defendants.

19. Specifically, for his final pay period, Clifford worked a total of 32 hours in a single workweek for Defendants.

20. Defendants have refused to pay Clifford his wages earned in his final pay period.

21. By refusing to pay Clifford any earned wages for his 32 hours worked during his final pay period, Defendants did not pay Clifford the minimum wage required by the FLSA.

22. By refusing to pay Clifford all his earned wages for his final pay period, Defendants have failed to timely pay Clifford his earned wages in accordance with Indiana law.

23. On February 26, 2018, Clifford filed a wage claim with the Indiana Department of Labor. On March 1, 2018, the Indiana Office of the Attorney General referred Clifford's wage claim to the Law Office of Robert J. Hunt, LLC for prosecution of this matter.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

24. Clifford hereby incorporates by reference Paragraphs 1-23 of this Complaint.

25. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 206 by failing to comply with the minimum wage requirements of the FLSA.

26. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Clifford as protected by the FLSA.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq.*

27. Clifford hereby incorporates by reference Paragraphs 1 – 26 of this Complaint.

28. During the relevant time period, Defendants have violated and are violating provisions of Indiana Code §§22-2-5 *et. seq.* by failing to timely pay Clifford's wages.

29. Defendants' refusal to timely pay Clifford his earned wages was in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Clifford respectfully requests that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Clifford, in addition to liquidated damages equal in amount to the unpaid compensation due to Clifford;

    b.    An Order pursuant to I.C. §§ 22-2-5 *et. seq.* finding Defendants liable for unpaid earned wages due to Clifford, plus liquidated damages double in amount of the unpaid wages found due to Clifford;

    c.    An Order awarding Clifford costs of this action;

    d.    An Order awarding Clifford reasonable attorney's fees;

    e.    A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA;

    f.    An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
The Law Office of Robert J. Hunt, LLC
3091 E. 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone:  (317) 743-0614
Facsimile:  (317) 743-0615
E-Mail:  rob@indianawagelaw.com


Attorney for Plaintiff